**SIGNED THIS: June 04, 2007**

_____
           **MARY P. GORMAN**
  **UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re ) | |
| ) | In Bankruptcy |
| SUSAN M. IRWIN, ) | |
| ) | Case No. 07-70210 |
| Debtor. ) | |

# O P I N I O N

The issue before the Court is whether proceeds the Debtor received from a workers' compensation settlement, which are exempt under §305/21 of the Illinois Workers' Compensation Act (the "Act"), retained their exempt status when they were used to pay off a lien on an automobile, thereby allowing the Debtor to claim the automobile exempt under the Act. For the reasons set forth below, this Court finds that the proceeds lost their exempt status when they were spent and that the automobile may not be claimed as

exempt under the provisions of the Act.[1]

The material facts are not in dispute. The Debtor, Susan Irwin, settled a workers' compensation claim for $60,846.65. She deposited the net settlement funds into a money market account which she opened at United Community Bank. With the exception of interest paid by the Bank, no other funds have been deposited into this account.

On April 28, 2006, the Debtor withdrew $4,722.37 from her money market account and used the funds to pay off a lien on her 1999 Ford Explorer. The parties agree, for the purposes of this dispute, that the value of the vehicle was approximately equal to the value of the lien.

The Debtor filed a petition pursuant to Chapter 7 of the Bankruptcy Code on February 9, 2007. The Debtor claimed a $2,400 exemption in the Ford Explorer under the Illinois personal property exemption for motor vehicles. 735 ILCS §5/12-1001(c). In addition, she claimed a $2,425 exemption in the Explorer under §305/21 of the Act. 820 ILCS §305/21. She values the vehicle at $4,825. The Trustee filed a timely objection to the Debtor's claim of exemption in the vehicle under the Act.

Section 305/21 of the Act provides in pertinent part as follows:

---

[1] Illinois law controls here because Illinois has opted out of the federal exemptions as allowed by 11 U.S.C. §522(b). *See* 735 ILCS §5/12-1201.

-2-

> No payment, claim, award or decision under. . . [the Workers' Compensation Act] shall be assignable or subject to any lien, attachment or garnishment, or be held liable in any way for any lien, debt, penalty or damages. . .

820 ILCS §305/21.

Although the Act does not use the magic words "exempt" or "exemption", it is effective to exempt workers' compensation proceeds from judgments of creditors and, therefore, it is available as an exemption in bankruptcy. In re McClure, 175 B.R. 21, 23-24 (Bankr. N.D. Ill. 1994). The parties agree that the funds remaining from the workers' compensation settlement retained their exempt status when the Debtor deposited the funds into the money market account. East Moline Works Credit Union v. Linn, 51 Ill.App.2d 97, 101-02, 200 N.E.2d 910 (1964). The dispute is whether the funds retained their exempt status when they were used to pay off the lien on the Ford Explorer.

The Illinois legislature has demonstrated its ability to draft a statute which exempts property traceable to other exempt property. For example, §5/12-1001(h) of the Illinois Exemption of Personal Property statute provides an exemption for "property that is traceable to" a crime victim's reparation award, a wrongful death payment, certain life insurance proceeds, and payments on account of personal bodily injury. 735 ILCS §5/12-1001(h). *See also* In re Jackson, 95 B.R. 590, 593 (Bankr. C.D. Ill. 1989) (life insurance proceeds exempt under §12-1001(h)(3) retained their exempt status when used to purchase a house). The exemption of

-3-

traceable property is not without limits.  Property traceable to an award is exempt only for a maximum of five years after the award accrues, and the exemption does not include interest or appreciation.  735 ILCS §5/12-1001(h).

The Act does not specifically provide an exemption for "property that is traceable" to a workers' compensation award.  Nevertheless, one Illinois appellate court has stated that the "concept of tracing is part of Illinois law even where the exemption statute does not specifically provide for it."  Auto Owners Insurance v. Berkshire, 225 Ill.App.3d 695, 700, 588 N.E.2d 1230, 1234 (1992).  The concept of tracing described in Berkshire is, however, a limited one.  Berkshire employed a "quality of moneys" test - funds which remain readily available as needed for support and maintenance which actually retain the quality of moneys are exempt, but funds which have been converted to permanent investment are not exempt.  Id. *at* 700-01, 588 N.E.2d *at* 1234.

The Seventh Circuit took a narrow view of tracing in In re Schoonover, 331 F.3d 575 (7th Cir. 2003), where an Illinois debtor sought to exempt $80,000 in a bank account on the grounds that the money came from Social Security, veterans benefits and disability payments.  735 ILCS §5/12-1001(g).  The court rejected this claim, noting that the statute "exempts '[t]he debtor's right to receive' public benefits; it has nothing to do with funds on deposit long after their receipt and commingling with the debtor's other assets.

Like the anti-alienation clauses in the federal benefits statutes themselves, this law ensures that recipients enjoy the minimum monthly income provided by the benefits laws; it does not entitle recipients to shield hoards of cash." Schoonover, 331 F.3d *at* 577. The Seventh Circuit cited with approval Fayette County Hospital v. Reavis, 169 Ill.App.3d 246, 250, 523 N.E.2d 693, 695 (1988), which held that the Illinois legislature did not intend to exempt property traceable to social security benefits. The Seventh Circuit also rejected the debtor's claim of exemption under §12-1006 - the Illinois exemption for retirement funds - because the funds were freely usable for current consumption rather than segregated until retirement. Schoonover, 331 F.3d *at* 577. *See also* In re Phillips, 2006 WL 382145 (Bankr. C.D. Ill.) (vehicles purchased with funds from 401(K) plan withdrawals were not exempt under the Illinois exemption for retirement funds).

The Court is aware of two bankruptcy cases which have held that a workers' compensation exemption extends to a motor vehicle purchased with the exempt funds. In re Baker, 2006 WL 2079919 (Bankr. M.D. Ala.); In re Williams, 171 B.R. 451 (D. N.H. 1994). However, workers' compensation statutes and their interpretation vary from state to state. *See* In re Bonzey, 153 B.R. 105 (Bankr. D. R.I. 1993)(Chapter 7 may not claim exemption in automobile purchased with proceeds traceable to workers' compensation benefits). The Debtor has not cited and the Court has not found

any Illinois cases which allow a debtor to trace a workers' compensation exemption to a vehicle purchased with the exempt funds.  The cases cited by the Debtor merely hold that an exemption extends to the bank account where the exempt funds are deposited. Internal Medicine Associates of Decatur, S.C. v. Patterson, 244 Ill.App.3d 704, 613 N.E.2d 1 (1993); Auto Owners Insurance v. Berkshire, 225 Ill.App.3d 695, 588 N.E.2d 1230; East Moline Works Credit Union v. Linn, 51 Ill.App.2d 97, 200 N.E.2d 910.  The only case cited by the Debtor which extends an exemption to an asset purchased with exempt funds is In re Jackson, 95 B.R. 590, where the court allowed a widow to exempt life insurance proceeds used in purchasing a residence.  However, as noted above, the claimed exemption was under §12-1001(h)(3) which specifically provides an exemption for property traceable to a payment under a life insurance contract.  Jackson, 95 B.R. *at* 593.

     The foregoing review of the Act and applicable case law leads to the inescapable conclusion that the proceeds of the Debtor's workers' compensation settlement did not retain their exempt status when they were used to pay off the lien on the Ford Explorer.  The Act does not provide an exemption for property traceable to a workers' compensation settlement.  Assuming Illinois law provides for some tracing, the settlement funds no longer retained the "quality of moneys" or the "attributes" of a workers' compensation settlement after they were used to pay off the lien on the vehicle.

The funds were no longer fully usable for current consumption and lost their exempt status under the Act. The Debtor was then limited to using only the Illinois motor vehicle exemption. 735 ILCS §5/12-1001(c).

For the foregoing reasons, the Trustee's objection to the Debtor's claim of exemption in her 1999 Ford Explorer under §305/21 of the Act is sustained.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###